IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ETHEL WOODS                                                             PLAINTIFF

vs.                             Civil No. 1:13-cv-01087

CAROLYN W. COLVIN                                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Ethel Woods ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying her application for

Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties

have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this

case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-

judgment proceedings.  ECF No. 8.[1]  Pursuant to this authority, the Court issues this memorandum

opinion and orders the entry of a final judgment in this matter.

## 1. Background:

Plaintiff protectively filed an application for DIB on August 12, 2011.  (Tr. 16, 135-136).

Plaintiff alleged she was disabled due to arthritis, diabetes, high blood pressure, high cholesterol, and

acid reflux.  (Tr. 151).  Plaintiff alleged an onset date of November 3, 2010.  (Tr. 151).  This

application was denied initially and again upon reconsideration.  (Tr. 16).  Thereafter, Plaintiff

requested an administrative hearing on her application and this hearing request was granted.  (Tr. 71-

72).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for
this case are referenced by the designation "Tr."

1

Plaintiff's administrative hearing was held on October 3, 2012.  (Tr. 29-59).  Plaintiff was present and was represented by counsel, Win Trafford, at this hearing.  *Id.*  Plaintiff, her sister Peggy Webb, and Vocational Expert ("VE") Dianne Smith testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was fifty-six (56) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e), and had a high school education.  (Tr. 33).

On October 26, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB.  (Tr. 16-24).  In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2015. (Tr. 18, Finding 1).  The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since November 3, 2010.  (Tr. 18, Finding 2).

The ALJ determined Plaintiff had the severe impairments of obesity, hypertension, diabetes mellitus, degenerative joint disease, and osteoarthritis of the knees.  (Tr. 18, Finding 3).  The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings").  (Tr. 19, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 20-23).  First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform light work  (Tr. 20, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 24, Finding 6).  The ALJ found Plaintiff able to perform her PRW as a deboner, machine operator, and garment inspector. *Id.*  Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from November 3, 2010 through the date of his decision.  (Tr. 24, Finding 7).

2

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision. (Tr. 12). *See* 20 C.F.R. § 404.968. The Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On November 6, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on November 27, 2013. ECF No. 8. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

## 2. <u>Applicable Law</u>:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological,

3

or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. <u>Discussion:</u>**

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record.  ECF No. 11, Pg. 9-20.  Specifically, Plaintiff claims the ALJ erred: (1) in the RFC determination of Plaintiff, (2) in failing to give proper treatment to the opinions of Plaintiff's treating physician, and (3)  in the credibility assessment of Plaintiff.  *Id.*  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 12.  Because I find a failure to give proper treatment to the opinions of Plaintiff's treating physician, I will only address

4

this issue.

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

In May 2009 Plaintiff was first seen by Dr. Joanne Gregory.  (Tr. 289).  At that time Plaintiff was complaining of fatigue and was also diagnosed with diabetes and hypertension. *Id.*  Plaintiff was seen by Dr. Gregory on multiple occasions throughout 2009 and through 2012.  (Tr. 221-238, 264-269, 274-275, 289-306).  On December 5, 2012, Dr. Gregory indicated in a letter Plaintiff was suffering from diabetes, osteoarthrosis of the knee and hips, gastroesophageal reflux disease and hypertension. (Tr. 308).  Dr. Gregory was of the opinion Plaintiff was unable to "hold down" gainful employment and would be expected to miss more than four days a month due to illness. *Id.*  Dr. Gregory also indicated Plaintiff's medications would cause sleepiness, confusion and decrease in cognitive and motor responses. *Id.*  Finally, Dr. Gregory stated Plaintiff is unable to operate machinery, climb stairs, stoop or kneel due to her medications and her physical impairment.  (Tr. 309).

This report was provided to the Appeals Council who follow the same rules for considering opinion evidence as ALJ's follow.  The Appeals Council provided no discussion or analysis of Dr. Gregory's report, other than to state "this information does not provide a basis for changing the Administrative Law Judge's decision."  (Tr. 2).  The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions.  *See Brown v. Astrue,* 611 F.3d 941, 951-52.  However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so."  *Id.* (internal quotation and citation omitted).  In this matter, the complete lack of analysis and review does not constitute "good reason" for discounting Dr. Gregory's findings.  *See Brown,* 611 F.3d at 951-52.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because of the failure to properly analyze the opinions of Plaintiff's treating physician, Dr. Gregory.  Because of this failure to  properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of these opinions.

**4. <u>Conclusion:</u>**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **22nd day of December 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE